IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Teamsters Local Union No. 727,** : | **Civil Action** | |
| **Plaintiff** : | | |
| : | **No.** _____ | |
| **v.** : | | |
| : | | |
| **IKare Funeral & Cremations, Inc.** : | | |
| **Defendant** : | | |

## COMPLAINT

This is an action brought under the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), to confirm and enforce a labor arbitration award issued pursuant to a collective bargaining agreement. In support thereof, Plaintiff Teamsters Local Union No. 727 ("Teamsters" or "Union") alleges as follows:

## THE PARTIES

1. Teamsters Local Union No. 727 ("Union" or "Teamsters") is, and at all times relevant to this action, was an unincorporated labor organization with its principal office located at 1300 Higgins Road, Suite 111, Park Ridge, IL 60068. The Union is the exclusive collective bargaining representative of certain classifications of employees employed by Defendants IKare, LLC in an industry affecting commerce within the meaning of the LMRA, 29 U.S.C. §§ 142, 152 and 185(a).

2. IKare Funeral & Cremations, Inc. ("IKare") is an employer in an industry affecting commerce within the meaning of the LMRA, 29 U.S.C. §§ 142, 152 and 185(a). IKare is engaged in the funeral industry. At times relevant to this action, certain of IKare's employees were members of the Teamsters bargaining unit. IKare's business office is located at 1330 S. Pleasant Hill Gate, Waukegan, IL 60085.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a) and 28 U.S.C. §§ 1331 and 1337.

4. Venue is proper in this District pursuant to 29 U.S.C. § 1391, as the Defendant resides in this judicial district and because a substantial part of the events giving rise to the claim occurred in this District.

## PROCEDURAL BACKGROUND

5. On January 2, 2014, IKare owner Irina Kushnerova executed a Compliance Agreement with the Teamsters by which she agreed to be bound by terms and provisions of the master agreement between the Teamsters and the Funeral Directors Services Association of Greater Chicago ("Master Agreement"). *Ex. A, Compliance Agreement; Ex. B, Master Agreement between the Teamsters and the Funeral Directors Services Association of Greater.*

6. The terms of the Master Agreement are from July 1, 2012 through June 30, 2017.

7. Article 2, Section 2.2 of the Agreement requires employers to deduct union dues and fees from from each employee who executes an authorization for deduction form.

8. Because IKare failed to submit dues and fees to the Union as provided under the CBA, the Union filed a grievance seeking payment of the overdue and owing union dues and fees.

9. The parties were not able to resolve the grievance and therefore, pursuant to the grievance/arbitration provisions of the CBA, the Union submitted its grievance to arbitration.

10. Through the Federal Mediation and Conciliation Service ("FMCS") process, Edwin H. Benn was selected as the Arbitrator to adjudicate the parties' dispute.

11. The arbitration hearing was scheduled for March 10, 2016.

12. Although Arbitrator Been gave multiple notices of hearing in writing and by telephone to Kushnerova, no representative from IKare attended the hearing. *See Ex. C, Arbitration Award, p. 4, n. 3.*

13. Arbitrator Benn issued his Opinion and Award on March 10, 2016 sustaining the Union's grievance. *Id., pp. 1, 7..*

## FACTS DETERMINED BY THE ARBITRATOR

14. By executing the Compliance Agreement, IKare is bound by the Master Agreement. *Id., p. 3.*

15. Funeral Directors are covered under Section 1.2 of the Master Agreement. *Id.*

16. Kushnerova is a funeral director and therefore covered by the Master Agreement. *Id.*

17. Because Kushnerova is covered by the Master Agreement, IKare is obligated to deduct union dues and fees from her wages and said monies to the Union in a timely manner. *Id.*

18. The Master Agreement also provides that a penalty is to be assessed against an employer who fails to timely submit union dues and fees and to the Union. *Id., pp. 3-4.*

19. Neither IKare nor Kushnerova paid the full amount of union dues and therefore, penalties were properly assessed.

20. As of February 16, 2016, IKare owed the Union $4,238.00 for dues and penalties. *Id., p. 4.*

21. IKare has not paid any union dues or fees since the date the Arbitrator issued his award. Therefore, union dues and fees continue to accrue and are owed to the Union.

22. Although the Union has demanded IKare comply with the Arbitrator's remedy and award, to date, IKARE has failed and refused to do so.

23. Pursuant to the arbitration provision of the Master Agreement, an arbitrator's decision is final and binding on the parties. *Ex. B, Article 19, Section 19.3, p. 39.*

24. IKARE has failed to move, in a court of competent jurisdiction, for an order vacating, modifying or otherwise correcting the Award of Arbitrator Benn within 90 days of IKARE's receipt of the Award.

25. "[T]he failure to challenge an arbitration award within the applicable limitations period renders the award final." *International Union of Operating Engineers, Local 150, AFL-CIO v. Centor Contractors, Inc.,* 831 F.2d 1309, 1313 (7th Cir. 1987); *Sullivan v. Lemoncello,* 36 F.3d 676, 681 (7th Cir. 1994).

## COUNT I

## **CONFIRMATION AND ENFORCEMENT OF ARBITRATOR'S AWARD**

26. The Teamsters incorporates by reference paragraphs 1 through 24 above as though fully set forth herein.

27. The Award of Arbitrator Benn is final, conclusive and binding on the parties. Because IKARE has not filed a timely action to vacate or modify the Award, it is now precluded from contesting the Award or the Arbitrator's findings.

28. By deciding the grievance filed under the CBA, the Award of Arbitrator Benn became part of the CBA. IKARE's failure and refusal to comply with the Award is a breach of the CBA.

29. Because IKARE has failed and refused to abide by the Arbitrator's Award, the Teamsters should now be awarded prejudgment interest on all union dues and fees IKare owes to the Teamsters.

30. IKare's failure and refusal to abide by the Award is unjustified. Accordingly, the Teamsters should be awarded its reasonable attorneys' fees and costs incurred in brining this action.

WHEREFORE, the Teamsters request that this Honorable Court enter judgment for the Plaintiff and against the Defendant and grant the following relief:

    (a) Confirm the Remedy and Award of Arbitrator Edwin H. Benn;

    (b) enforce the Remedy and Award by ordering Defendant to take the actions required by the Remedy and Award;

5

(c) order IKARE to pay all union dues and fees owed to the Teamsters as well as prejudgment interest on the amount owed from the date the dues and fees were first owed until final resolution of this action;

(d) award the Teamsters reasonable attorneys' fees and costs; and

(e) order such other relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

\_\_\_/s/ Linda M. Martin_____
LINDA M. MARTIN, ESQUIRE
Attorney I.D. No. 66437
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Office (215) 656-3665
Fax (215) 561-5135
Email lmartin@wwdlaw.com

ILLINOIS ADVOCATES, LLC

\_\_\_/s/ William M. Tasch_____
WILLIAM M. TASCH, ESQUIRE
Attorney I.D. No. \_\_\_
77 W. Washington Street, Suite 2120
Chicago, IL 60602
Office (312) 818-6700
Fax (312) 492-4804
Email William.tasch@Iladvocates.com
*Counsel for Plaintiff Teamsters Local Union No. 727*

Dated: June 21, 2016