# EXHIBIT C

BEFORE
EDWIN H. BENN
ARBITRATOR

IN THE MATTER OF THE ARBITRATION

BETWEEN

IKARE FUNERAL & CREMATIONS

AND

TEAMSTERS LOCAL 727

CASE NOS.: FMCS 15-02099-A
Grv. No. 4146
Arb. Ref.: 15.219
(Dues)

## OPINION AND AWARD

APPEARANCES:

For the Employer: No appearance

For the Union: John R. Bielski, Esq.

Place of Hearing: Park Ridge, Illinois

Date of Hearing: March 10, 2016

Date of Award: March 10, 2016

**CONTENTS**

I. ISSUE .......... 3

II. FACTS .......... 3

III. DISCUSSION .......... 4

A. The Burden .......... 4

B. The Union's Showing .......... 5

C. The Remedy .......... 6

IV. CONCLUSION .......... 7

V. AWARD .......... 7

## I. ISSUE

Did Ikare Funerals & Cremations ("Employer") and its owner Irina Kushnerova fail to pay union dues to Teamsters Local 727 ("Union") and, if so, what shall the remedy be?[1]

## II. FACTS

The Employer is signatory to a Compliance Agreement which binds it to the collective bargaining agreement between the Union and the Funeral Directors Services Association of Greater Chicago ("Agreement").[2] Section 2.2 of the Agreement provides that "[e]ach Employer agrees to deduct from an employee's first paycheck of the month, all dues and/or fees and remit such deductions to the Union, within ten (10) days of such deduction, for each and every employee who is covered under this Agreement ...."

Under Section 1.2 of the Agreement, funeral directors are covered by the Agreement. Kushnerova is a funeral director and therefore covered by the Agreement with the Employer's obligation to pay dues for her under Section 2.2.

During the relevant period (January 2014 - February 2016), dues for funeral directors began at $97 per month and increased to the current $101 per month level.

If dues are not paid, there are penalties attached (10% of the amount due or $10, whichever is greater). Further, unpaid penalties accrue. Although paying for

---

[1] The proceedings were recorded by me and a CD was produced. References to the hearing proceedings shall be "Audio File __."

[2] Union Exhs. 1, 2.

some months (in whole or in part), as of February 16, 2016, the Employer owed the Union $4,238.00 for dues and penalties.[3]

## III. DISCUSSION

The Union grieved the Employer's failure to pay dues.[4] This proceeding followed.[5]

### A. The Burden

This is a contract dispute. The burden therefore falls on the Union to demonstrate a violation of the Agreement.[6]

---

3 Union Exhs. 3-10; Testimony of Business Agent Zachary Frankenbach and Dues Manager Margaret Weernink (Audio Files 2, 3).

4 Union Exh. 1(B).

5 Although given multiple notices of hearing in writing, by email and by telephone, the Employer failed to appear at the hearing on March 10, 2016 which was scheduled for a 10:00 a.m. start. Audio File 1; Union Exh. 10. On the day of the hearing, a call was made to the Employer and a message was left on Kushnerova's voicemail advising her again of the hearing and that the hearing would proceed if the Employer did not appear. I waited until shortly before 11:00 a.m. to commence the hearing. The Employer did not appear. I therefore proceeded with the hearing taking argument from Union counsel and along with exhibits and testimony from the Union's witnesses. Audio Files 1-3.

The FMCS Policies and Procedures provide, in pertinent part:

> **1404.13 Conduct of Hearings**
>
> ... The conduct of the arbitration proceeding is under the arbitrator's jurisdiction and control, and the arbitrator's decision shall be based upon the evidence and testimony presented at the hearing or otherwise incorporated in the record of the proceeding. The arbitrator may, unless prohibited by law, proceed in the absence of any party who, after due notice, fails to be present or to obtain a postponement. An award rendered in an ex parte proceeding of this nature must be based upon evidence presented to the arbitrator.

https://www.fmcs.gov/services/resolving-labor-management-disputes/arbitration/arbitration-policies-and-procedures/

The Employer was on notice of the hearing and refused to attend. I therefore had authority to proceed with the hearing ex parte.

6 *See The Common Law of the Workplace* (BNA, 2nd ed.), 55 ("In a contract interpretation case, the union is ordinarily seeking to show that the employer violated the agreement by some action it took; the union then has the burden of proof"); *Tenneco Oil Co.*, 44 LA 1121, 1122 (Merrill, 1965) (in a contract case, "... [t]he Union has the burden of proof to establish the facts necessary to make out its claim.").

B. The Union's Showing

The first question in a contract dispute is whether clear contract language resolves the matter?[7] If it does, "... I need go no further to resolve the issue herein."[8]

Section 2.2 of the Agreement provides that "[e]ach Employer agrees to deduct from an employee's first paycheck of the month, all dues and/or fees and remit such deductions to the Union, within ten (10) days of such deduction, for each and every employee who is covered under this Agreement ...." That language is clear.

The facts show that for the period January 2014 - February 2016, the Employer paid some but not all of its dues obligations. The undisputed evidence shows that for that period the Employer owes the Union $4,238.00 for dues and penalties. A violation of clear language of the Agreement has been shown.

---

[7] *I-T-E Imperial Corp.*, 67 LA 354, 355 (Weiss, 1976) ("The threshold question in this case is whether the language of ... the collective bargaining agreement is so clear and unambiguous that I need go no further to resolve the issue herein").

[8] *Id.*

## C. The Remedy

Arbitrators have a broad degree of discretion in the formulation of remedies.[9] Further, the purpose of a remedy is to make whole those who have been harmed by a demonstrated contract violation.[10]

In the exercise of my discretion to formulate remedies, the remedy shall be that the Employer shall immediately pay the Union $4,238.00 for dues and penalties owed. Failure of the Employer to pay that amount in a timely fashion will subject it to further penalties as assessed by the Union for late payment of dues.

---

[9] *See United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960):

> When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations. The draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency.

*See also, Local 369 Bakery and Confectionery Workers International Union of America v. Cotton Baking Company, Inc.*, 514 F.2d 1235, 1237, *reh. denied*, 520 F.2d 943 (5th Cir. 1975), *cert. denied*, 423 U.S. 1055 and cases cited therein:

> In view of the variety and novelty of many labor-management disputes, reviewing courts must not unduly restrain an arbitrator's flexibility.

Additionally, *see Eastern Associated Coal Corp. v. United Mine Workers of America*, 531 U.S. 57, 62, 67 (2000) [citations omitted]:

> ... [C]ourts will set aside the arbitrator's interpretation of what their agreement means only in rare instances. ....
>
> * * *
>
> We recognize that reasonable people can differ as to whether reinstatement or discharge is the more appropriate remedy here. But both employer and union have agreed to entrust this remedial decision to an arbitrator. ....

Finally, *see* Hill and Sinicropi, *Remedies in Arbitration* (BNA, 2nd ed.), 62 ("... [M]ost arbitrators take the view that broad remedy power is implied ....").

[10] *See e.g., Wicker v. Hoppock*, 73 U.S. (6 Wall.) 94, 99 (1867)]:

> The general rule is, that when a wrong has been done and the law gives a remedy, the compensation shall be equal to the injury. The latter is the standard by which the former is to be measured. The injured party is to be placed, as near as may be, in the situation he would have occupied if the wrong had not been committed. ...

*See also*, Calamari and Perillo, *The Law Of Contracts* (West, 3rd ed.), 591 [citing Uniform Commercial Code § 1-106; 5 Corbin § 992; McCormick, Damages 561; 11 Williston § 1338] ("For breach of contract the law of damages seeks to place the aggrieved party in the same economic position he would have had if the contract had been performed.").

## IV. CONCLUSION

The Union has shown that the Employer violated the Agreement by failing to pay dues as required. As provided in the Remedy, *supra* at III(C), the Employer shall immediately pay the Union $4,238.00 for dues a ıd penalties. Penalties will further accrue for continued late payments.

## V. AWARD

The grievance is sustained.

Edwin H. Benn
Arbitrator

Dated: March 10, 2016